IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| VICTOR GONZALEZ, # 19769-050 | * |
| | *   Civil Action No. CCB-14-2318 |
| Petitioner | * |
| | * |
| v | * |
| | * |
| UNITED STATES | * |
| | * |
| Respondent | * |
| | *** |

**MEMORANDUM**

Pending is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed pro se by Victor Gonzalez, an inmate who is housed at the Federal Correctional Institution in Cumberland, Maryland. By judgment entered on March 27, 1996, Gonzalez was sentenced in the United States District Court for the District of New Jersey to life imprisonment and fined $10,000, due immediately, after a jury found him guilty of conspiracy to engage in a pattern of racketeering activity in violation of 18 U.S.C. § 1962 (c) and (d). *See United States v. Gonzalez*, Crim. No. 96-cr-00114 (D. N.J. 1996).[1] Gonzalez' conviction was affirmed on appeal on March 13, 1998, in *United States v. Gonzalez*, CA3 No. 97-5166.  His Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 was denied on August 30, 2005.[2]

In this § 2241 petition, Gonzalez challenges his fine[3] and claims that it was imposed without consideration of his financial ability to pay. (ECF No. 1, ¶ 10 (a) and (c)).  As relief, he

---

[1]  *See* https://ecf.njd.uscourts.gov/cgi-bin/DktRpt.pl?415696652191601-L_1_0-1.

[2]  *See Gonzalez v U.*S., 2005 WL 3588478 (D. N.J.  2005) (referencing denial of petition to vacate, set aside or correct).

[3]  Notably, the case law on which Gonzales relies concerns the imposition of restitution, not fines. (ECF No. 1, Ex. 1).

asks this court to lift the fine and vacate the balance due. (ECF No. 1, ¶ 15). For reasons to follow, the court will dismiss this case without prejudice for lack of jurisdiction.

## DISCUSSION

The threshold question presented is whether this claim is properly raised in a § 2241 petition or is more properly construed under 28 U.S.C. § 2255. A petition for a writ of habeas corpus under 28 U.S.C § 2241 attacks the manner or execution of a sentence. *See In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997). Generally, a petitioner's custodian is the proper respondent in a § 2241 petition. *See* 28 U.S.C. §2241(a) (providing writs of habeas corpus may be granted by the district courts within their respective jurisdictions); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (the writ should be directed to the "person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge.").

By contrast, a § 2255 motion is properly filed in the sentencing court and challenges the validity of a conviction or sentence. *See* 28 U.S.C. 2255 (a); *In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000); *In re Vial*, 115 F.3d at 1194; *see also Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) ("[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their conviction and sentences through § 2255.").

In the rare instance where a § 2255 motion is "inadequate or ineffective to test the legality of his detention," a federal prisoner challenging a federal conviction or sentence may seek relief pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2255; *In re Vial*, 115 F.3d at 1194;[4] *see also United States v. Poole*, 531 F.3d 263, 269 (4th Cir. 2008) (stating an inmate may proceed under § 2241 to challenge his conviction "in only very limited circumstances") (citation and internal quotation marks omitted).

---

[4] This exception is known as the "savings clause." *See In re Jones,* 226 F.3d at 333.

Section 2255 is inadequate and ineffective to test the legality of a conviction when: "1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; 2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and 3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." *In re Jones*, 226 F.3d at 333–34. The remedy provided under § 2255 is neither rendered inadequate nor ineffective merely because the limitations period has expired or a petitioner is unable to satisfy the requirements for filing a second or successive § 2255 motion. *See In re Vial*, 115 F.3d at 1194 n. 5. Gonzalez provides no grounds to suggest his case satisfies this test.

In this case, Gonzalez is challenging the validity of his sentence, *i.e*, the alleged deficiency in his sentence to account for his ability to satisfy the fine. Thus, this claim is not appropriately raised in a § 2241 petition because it does not pertain to the execution of his sentence; rather, the claim challenges the validity of the fine imposed in the District of New Jersey. As such, this claim is properly brought pursuant to 28 U.S.C. § 2255 in the District of New Jersey where the fine was imposed.[5]

## CONCLUSION

Gonzalez fails to demonstrate entitlement to review of his claim under 28 U.S.C. § 2241. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the court declines to issue a certificate of appealability because Gonzalez has not made a substantial showing of a denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Miller–El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). The court will dismiss the petition

---

[5] In order to bring a second or successive motion to vacate, set aside or correct sentence, Gonzalez must first obtain pre-filing authorization from the United States Court of Appeals for the Third Circuit. *See* 28 U.S.C. §§ 2255(h), 2244.

without prejudice for lack of jurisdiction and decline to issue a certificate of appealability in a separate order which follows.


July 31, 2014                                                    /s/
Date                                                              Catherine C. Blake
                                                                  United States District Judge